IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03018-BNB

SAMMY M. ALVAREZ,

    Applicant,

v.

MR. CHAPDELAINE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

I.  Background

    Applicant, Sammy M. Alvarez, is in the custody of the Colorado Department of Corrections.  Mr. Alvarez, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  In an order entered on November 25, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents filed a Pre-Answer Response on January 17, 2012.  Mr. Alvarez filed a Reply on March 1, 2012.

    Mr. Alvarez asserts that he was convicted by a jury in Arapahoe County District Court Case No. 85RCR1052 of aggravated robbery, conspiracy to commit aggravated

robbery, theft, and four habitual criminal counts and was sentenced to life in prison. Application at 1-2. Mr. Alvarez also asserts that he filed a direct appeal that was denied and two Colo. R. Crim. P. 35(c) postconviction motions. Application at 2-4. One of the postconviction motions was filed in 1992 and denied by the Colorado Court of Appeals (CCA) in 1996, and the other was filed in 2009 and denied by the Colorado Supreme Court (CSC) in 2011. Application at 4 and Attachs.

Mr. Alvarez asserts the following claims: (1) He waived his preliminary hearing and accepted a plea agreement capping his sentence at ten years: (2) prosecutorial misconduct; and (3) ineffective assistance of counsel.

II.  Analysis

For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A.  28 U.S.C. § 2244(d) Time-Bar

Section 2244(d), 28 U.S.C., provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the

> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Alvarez's Application is time-barred.

To apply the one-year limitation period, the Court first must determine the date Mr. Alvarez's conviction became final. Respondents assert, Application, Doc. No. 10, at 7, and Mr. Alvarez agrees, *see* Reply, Doc. No. 13, at 1, that his conviction became final on December 10, 1990, upon the expiration of the time for Mr. Alvarez to petition the United States Supreme Court for certiorari review.

The next question the Court must answer is whether any of the state court postconviction proceedings Mr. Alvarez initiated tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. Respondents assert, Application at 7, and Mr. Alvarez agrees, Reply at 1, that his 1992 postconviction proceeding was pending at the time his conviction was final, and subsequently when his 1992 postconviction proceeding was final his 1996 postconviction was pending. The time, therefore, was tolled from December 11, 1990, the day after Mr. Alvarez's

conviction was final, until July 20, 1999, when the CSC denied his petition for certiorari review in his 1996 postconviction proceeding.

Respondents further assert, Application at 7, and Mr. Alvarez agrees, Reply at 1, that the limitation period then ran from July 21, 1999, until July 21, 2000. It then expired, and all subsequent postconviction proceedings are irrelevant in tolling the limitation period for purposes of § 2244(d).

Mr. Alvarez does not address timeliness in the Application. In his Reply, he states the following:

> On or about January 23, 2009 the applicant filed a motion for postconviction relief under C.R.S. Sec. Crim. P. 35(a) which states;
>
>> a correction of Illegal Sentence: The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> The applicant has been denied by the trial court see Honorable Judge Gerald Rafferty dated March 12, 1999[sic]  Also Applicant appealed in Colo. App. No. 09-CA0659 and Colorado Supreme Court certiorari review was denied on April 18, 2011.
>
> The applicant has exhaust [sic] state remedies and AEDPA Statute of Limitation all within the time limitation.
>
> The applicant is guaranteed pursuant to C.R.S. Sec Rule 35(a) motion to Corrected [sic] an Illegal sentence at any time. Therefore C.R.S. Sec. 16-5-402 cannot be applied cause this matter before this Honorable Court is an illegal sentence under C.R.S. Rule 35 a motion.

Reply at 3.

Mr. Alvarez does not allege in the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. He also does not assert that he did not know or could not have discovered the factual

predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal or that there were any impediments to filing an application regarding the claims which were created by state action.

Relying on state law, Mr. Alvarez argues that he is able to file a Rule 35(a) postconviction motion at any time and, as a result, the time limitation under § 2244(d) does not apply. The provisions of Colo. Rev. Stat. § 16-5-402 do not toll the one-year time limitation period for filing a federal habeas corpus application pursuant to § 2244(d). See Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003) (Section 2244(d) was not drafted to begin running at the end of a state's exhaustion process).

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." Holland v. Florida, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2652 (internal quotation marks and citation omitted); accord Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting Wallace v. Kato, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. Yang, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

However, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010).

Mr. Alvarez fails to allege any facts in either the Application or the Reply that justify equitable tolling of the one-year limitation period with respect to his claims. Therefore, the action will be dismissed as time-barred under 28 U.S.C. § 2244(d).

### B.  State-Court Exhaustion

Because the action is time-barred the Court will refrain from addressing whether Mr. Alvarez has exhausted his state court remedies.

### III.  Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Alvarez files a notice of appeal he must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Alvarez has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   10th   day of    April        , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court