IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03018-LTB

SAMMY M. ALVAREZ,

    Applicant,

v.

MR. CHAPDELAINE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

    The matter before the Court is the Motion to Reconsider filed by Applicant, Sammy M. Alvarez, a *pro se* prisoner litigant, on April 24, 2012. Mr. Alvarez is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Alvarez seeks reconsideration of the Order of Dismissal and the Judgment entered on April 10, 2012. The Court must construe the Motion liberally because Mr. Alvarez is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

    Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment

pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Alvarez's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on April 10. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Mr. Alvarez asserts that he has filed the Application within the one-year time limitation under 28 U.S.C. § 2244(d), because he filed a Colo. R. Crim. P. 35(a) postconviction motion pursuant to the federal magistrate judge's direction when his habeas application was dismissed without prejudice on May 20, 1999. Mr. Alvarez also claims that this action is timely under § 2244(d)(1)(C).

As found in the Court's April 10 Order of Dismissal, Mr. Alvarez did not have a postconviction motion pending in state court from July 21, 1999, until July 21, 2000. Mr. Alvarez still does not disagree with this finding. Dismissal of a federal habeas action

without prejudice and with direction to file a postconviction motion in state court does not toll the time under § 2244(d) between when the habeas action is dismissed and when the applicant actually files a state postconviction motion.

As for Mr. Alvarez's reliance on § 2244(d)(1)(C), nothing he asserts in the Motion to Reconsider or the Application supports a tolling of the time under § 2244(d) based on a newly recognized right by the Supreme Court. Finally, the Supreme Court's recent decisions in *Lafler v. Cooper*, --- U.S. ---, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, --- U.S. ---, 132 S. Ct. 1399 (2012), do not lend support for finding that the one-year time limitation under § 2244(d) should be waived in this case.

Mr. Alvarez, therefore, fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. The Motion to Reconsider will be denied. Accordingly, it is

ORDERED that Mr. Alvarez's Motion to Reconsider (Doc. No. 16) is denied.

DATED at Denver, Colorado, this   27th   day of   April  , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court